# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1874.

### THE SUPREME COURT CLERKSHIP.

1. The clerk appointed by the Supreme Court on the eighth of December, A. D. 1873, is continued in office by virtue of that appointment, notwithstanding the amendments to the 2d, 3d and 4th Sections of Article 5 of the Constitution, which effected a radical change in the constitution of the court by changing the number of persons composing it as well as their tenure of office.
2. The tenure of office of the clerk of the Supreme Court is determined by the 5th Section of Article 5 of the Constitution, which was in no respect affected by the adoption of the Constitutional Amendments.
3. He derived his appointment, not from the members of the court as individual officers, but from their official action as the "Supreme Court."

ROBERTS, CHIEF JUSTICE.—W. P. De Normandie having presented to the court the evidence of his right to hold the office of clerk of the Supreme Court, together with his application, supported by the recommendation of respectable attorneys, to be retained in the office, and having requested the decision of the court thereon, it is deemed proper for the court to make known its decision.

He was appointed on the sixth day of December, 1869, by the Supreme Court, then acting in such capacity by military authority. He was retained as said clerk by the succeeding court, appointed under the Constitution, and by them reappointed on the eighth day of December, 1873, all which appears upon the minutes of the court. Whatever view may be taken of his first appointment, the office was vacant at the time of the latter appointment,

and was so recognized by himself and the court; the appointment was valid as to that court, and he was, under the provisions of the Constitution, the clerk of that court during the time it continued in existence. The question is, does he by virtue of his appointment continue to be the clerk of the Supreme Court as now organized under the amendments to the Constitution lately adopted?

From such consideration as we have been able to give the subject, the court is unanimously of the opinion that he is.

The amendments embrace three sections (2, 3, 4,) of the "Judicial Department," and leaves standing in force the 5th Section, which relates to the clerk. It provides that "the Supreme Court shall appoint its own clerk, who shall hold his office for four years, unless sooner removed by the court for good cause, entered of record on the minutes of the court. The said clerk shall give bond in such manner as is now or may be hereafter required by law." The appointment is the act of the court—the Supreme Court—and is not affected by a change in the persons composing that court.

The amendments radically change the constitution of the court, in the number of persons composing it, in their tenure of office, and in their organization, by creating in it a new office—that of Chief Justice—which rendered it impracticable to engraft the new court on the old one, or to combine in harmonious coalescence the old with the new. Still, the tribunal established by the amendments is the "one Supreme Court" provided for by the 1st Section of the judicial department, which remains unchanged. He derived his appointment, not from the members of the court as individual officers, but from their official action as the "Supreme Court." There is nothing in the mode of his appointment, his tenure of office, or his duties, incompatible with his being the clerk

of the "Supreme Court" as now organized, as well as of the "Supreme Court" as it existed when he received his appointment.

The force of this conclusion will be readily appreciated, as it is conceived, by reading in connection the first five sections of the judicial department in the Constitution as it now stands amended.

## "JUDICIAL DEPARTMENT.

"SECTION 1. (1) The judicial power of this State shall be vested in one Supreme Court, in District Courts, and in such inferior courts and magistrates as may be created by this Constitution, or by the Legislature under its authority. (2) The Legislature may establish criminal courts in the principal cities within the State, with such criminal jurisdiction coextensive with the limits of the county wherein such city may be situated, and under such regulations as may be prescribed by law; and the judge thereof may preside over the courts of one or more cities, as the Legislature may direct.

"SEC. 2. That Section 2, Section 3, and Section 4, of Article 5, of said Constitution, be so amended as to read hereafter as follows, to-wit: Sec. 2. The Supreme Court shall consist of one Chief Justice and four Associate Justices, any three of whom shall constitute a quorum. They shall be appointed by the Governor, by and with the advice and consent of the Senate, for a term of nine years. All vacancies shall be filled for the unexpired term. If a vacancy shall occur, or a term shall expire, when the Senate is not in session, the Governor shall fill the same by appointment, which shall be sent to the Senate within ten days after that body shall assemble, and if not confirmed the office shall immediately become vacant.

"SEC. 3. The Supreme Court shall have appellate jurisdiction only, which, in civil causes and criminal

causes, shall be coextensive with the limits of the State. Appeals from interlocutory judgments may be allowed, with such exceptions and under such regulations as the Legislature may prescribe. The Supreme Court and the judges thereof shall have power to issue the writ of *habeas corpus*, and, under such regulations as may be prescribed by law, may issue the writ of *mandamus* and such other writs as may be necessary to enforce its own jurisdiction. The Supreme Court shall also have power to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction.

"SEC. 4. The Supreme Court shall hold its sessions at the capital and two other places in the State.

"SEC. 5. The Supreme Court shall appoint its own clerk, who shall hold his office for four years, unless sooner removed by the court for good cause, entered of record on the minutes of the court. The said clerk shall give bond in such manner as is now or may be hereafter required by law."

It is ordered by the court, that this opinion be spread on the minutes of the court.